UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR PLASCENCIA, CDCR #BG-9161,<br><br>Plaintiff,<br><br>v.<br><br>SAMUEL KO, Doctor; CHIRAG BHAVSAR, Doctor; KYLE SEELEY, RN; CHRISTINA BETACOURT, LVN,<br><br>Defendants. | Case No.: 3:23-cv-895-RSH-SBC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**<br><br>[ECF No. 12] |

On May 15, 2023, plaintiff Edgar Plascencia, proceeding *pro se*, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1), together with a motion to proceed *in forma pauperis* ("IFP") (ECF No. 2). Plaintiff alleged that medical officials at Centinela State Prison violated his Eighth and Fourteenth Amendment rights by failing to provide adequate post-operative care or assign him to a lower bunk after doctors at Alvarado Hospital performed arthroscopic surgery on his left knee on May 23, 2022. ECF No. 1 at 9–11.

///

On August 7, 2023, the Court granted Plaintiff's motion for leave to proceed IFP, and assessed an initial partial filing fee to be collected only if sufficient funds existed in Plaintiff's inmate account. ECF No. 5 at 3. In the same order, the Court dismissed the Complaint for failure to state a plausible claim for relief. *Id.* at 6–13. The Court granted Plaintiff leave to file an amended pleading within 45 days of the order. *Id.* at 14. Thereafter, at Plaintiff's request, the Court granted Plaintiff a further extension until October 18, 2023 to file an amended pleading. ECF Nos. 6; 7.

On October 19, 2023, Plaintiff filed a notice of voluntary dismissal. ECF No. 8. Plaintiff stated that he was seeking dismissal to avoid the filing fee, and also stated that he lacked the skills and resources to pursue his claim. *Id.* at 1–2. On October 26, 2023, the Court entered an order of dismissal without prejudice. ECF No. 9.

On September 29, 2025, Plaintiff filed a "motion for equitable tolling [of] the statute of limitations to re-file Plaintiff's claim under 42 U.S.C. § 1983." ECF No. 12. Plaintiff's motion states that he did not timely file an amended pleading "due to medical issues and the impact of the disadvantages of incarceration." *Id.* at 1. The motion also refers to a consultation that Plaintiff had with two specialists on June 12, 2025. *Id.* at 1–2.

To the extent Plaintiff's motion is construed as a motion seeking relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure, such a motion is not timely. *See* Fed. R. Civ. P. 60(c)(1) (providing that a motion under Rule 60(b) "must be made within a reasonable time," and must be made within one year of entry of judgment where the motion is based on "mistake, inadvertence, surprise, or excusable neglect" or "newly discovered evidence"). Plaintiff brings the motion almost two years after he voluntarily dismissed his case. To the extent Plaintiff is seeking a ruling on whether, in the event Plaintiff files a new lawsuit, such a lawsuit would be time-barred, the Court, respectfully, cannot provide an advisory opinion in that regard. *See Partington v. Gedan*, 961 F.2d 852, 862 (9th Cir. 1992) ("At this stage, any ruling from a federal district court would be an advisory opinion, something federal courts cannot give.").

1     For the foregoing reasons, Plaintiff's motion [ECF No. 12] is **DENIED**.

2     **IT IS SO ORDERED.**

3 Dated: December 17, 2025

*Robert S. Huie*
_____
Hon. Robert S. Huie
United States District Judge